**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PYRAMID LAKE PAIUTE TRIBE,

Plaintiff,

v.

DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior, and the UNITED STATES DEPARTMENT OF THE INTERIOR,

Defendants.

Case No. 3:23-cv-00348-ART-CSD

**ORDER GRANTING (ECF No. 33)**

**JOINT STIPULATED MOTION TO CONTINUE STAY OF CASE**

**[Tenth Request]**

Pursuant to the Court's May 13, 2026 order staying this case for an additional three months (ECF No. 32), this case is currently stayed until August 13, 2026. Now, Plaintiff Pyramid Lake

Paiute Tribe and Defendants Doug Burgum, in his official capacity as Secretary of the United States Department of the Interior, and the United States Department of the Interior (collectively "Defendants") hereby move the Court to continue the stay of this case and all case deadlines for an additional 46 days, to and including September 28, 2026 to allow Defendants to obtain a final decision on approval of the settlement. As grounds for this motion, the parties state as follows:

1. Plaintiff Pyramid Lake Paiute Tribe ("Plaintiff" or "Tribe") asserts Administrative Procedure Act, breach of trust, and mandamus claims against Defendants for their alleged failure to manage certain water rights no longer used for irrigation of lands at the Naval Air Station in Fallon, Nevada ("Navy Water") primarily for the purposes of conservation and recovery of endangered cui-ui and threatened Lahontan cutthroat trout in Pyramid Lake within the Tribe's reservation, as purportedly required by the 1990 Truckee-Carson-Pyramid Lake Water Settlement Act, Title II of Pub. Law 101-618 (1990).

2. Defendants and Plaintiff previously filed three joint stipulated motions for six-month stays of the litigation, two joint stipulated motions for two-months stays of the litigation, and four stipulated joint motions for three-month stays of the litigation to facilitate government-to-government consultation between Defendants and the Tribe concerning the Navy Water and related matters at issue for the purpose of attempting to resolve the litigation through this consultation and other discussions. ECF Nos. 13, 15, 17, 19, 21, 23, 26, 29. The Court granted the first motion by order dated September 13, 2023, ECF No. 14, which stayed this case until March 13, 2024; the Court granted the second motion by order dated March 7, 2024, ECF No. 16, which stayed this case until September 9, 2024; the Court granted the third motion by order dated September 9, 2024, ECF No. 18, which stayed this case until March 9, 2025; the Court granted the fourth motion by order dated March 11, 2025, ECF No. 20, which stayed this case until May 12, 2025; the Court granted the fifth motion by order dated May 14, 2025, ECF No. 22, which stayed this case until July 11, 2025; the Court granted the sixth motion by order dated July 9, 2025, ECF No. 24, which stayed this case until approximately October 10, 2025; the Court granted the seventh motion by order dated October 3, 2025, ECF No. 27, which stayed this case until three months after the Department filed a notice of resumption of appropriations,

which was filed on November 13, 2025, ECF No. 28, and stayed this case until February 12, 2026; the Court granted the eighth motion by order dated February 12, 2026, ECF No. 30, which stayed this case until May 13, 2026; and the Court granted the ninth motion by order dated May 13, 2026, which stayed this case until August 13, 2026.

3. Since the granting of the initial stay and through the period of the ninth stay (except during the period of the lapse of appropriations for the Department in late 2025), representatives for the parties, both principals/managers and separately through technical/hydrologic representatives, met many times to engage in government-to-government consultation and associated negotiations on the issues raised by this case and discuss a framework for potentially resolving this case. Counsel for the parties have now reached a recommended settlement in principle, which the Tribal Council for the Tribe approved on June 17, 2026. Counsel for Defendants are now seeking final approval decisions by the U.S. Department of the Interior and the U.S. Department of Justice leadership. Defendants anticipate that they will need up to an additional 46 days to obtain final decisions on whether to approve the recommended settlement. If and when final approval is secured, undersigned counsel for Plaintiff and Defendants intend to file a voluntary dismissal of this action.

4. Undersigned counsel for the parties therefore request a stay of this case for an additional 46 days, to and including September 28, 2026, to provide sufficient time to seek the requisite approvals of the settlements by the Defendants.

WHEREFORE, the parties move the Court to continue the stay of this case until September 28, 2026, at the conclusion of which the parties shall file either the necessary documents to voluntarily dismiss the case or a joint status report advising the Court of the status of their individual processes for approval of the settlement agreement.

//

//

//

//

//

Dated: August 12, 2026.

KEMP JONES, LLP

/s/ *Christopher W. Mixson* (with permission)
Don Springmeyer, Esq. (Nev. Bar #1021)
Christopher W. Mixson, Esq. (Nev. Bar. #10685)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
d.springmeyer@kempjones.com
c.mixson@kempjones.com

*Attorneys for Plaintiff Pyramid Lake Paiute Tribe*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

/s/ *Thomas K. Snodgrass*
THOMAS K. SNODGRASS, Senior Attorney
Natural Resources Section
999 18th Street, North Terrace, Suite 600
Denver, CO 80202
Telephone: 202-305-5775
thomas.snodgrass@usdoj.gov

*Attorneys for Defendants*

**IT IS SO ORDERED.**

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

DATED: August 12, 2026